**AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
VICTORIA A. CANTORE (SBN 265169)
Email: victoria.cantore@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendants
BANK OF AMERICA, N.A. (erroneously sued as "BANK OF AMERICA HOME LOANS" and "BANK OF AMERICA CORPORATION"); COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE FINANCIAL CORPORATION; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-7 (erroneously sued as "BANK OF NEW YORK MELLON"); CWALT, INC.; RECONTRUST COMPANY, N.A. (erroneously sued as "RECONTRUST COMPANY" and "RECONTRUST, N.A."); and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (erroneously sued as "MORTGAGE ELECTRONIC REGISTRATION")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA BRASHEARS,<br><br>          Plaintiff,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS; BANK OF AMERICA CORPORATION; COUNTRYWIDE HOME LOANS, COUNTRYWIDE FINANCIAL CORP., BANK OF NEW YORK MELLON; CWALT, INC., RECONTRUST COMPANY, RECONTRUST, N.A.; MORTGAGE ELECTRONIC REGISTRATION ("MERS") and DOES 1 thru 20,<br><br>          Defendants. | Case No. 2:12-CV-06760 FMO (JCGx)<br><br>[Assigned to the Hon. Fernando M. Olguin]<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Hearing Date: April 11, 2013<br>Time:         10:00 a.m.<br>Ctrm.:        22<br><br>First Amended<br>Complaint Filed: February 5, 2013<br>Trial Date:      February 17, 2014 |

# I. INTRODUCTION

Plaintiff's Opposition, like her First Amended Complaint, is quite obviously a pleading downloaded from the internet or obtained from some other source. Plaintiff repeatedly refers to herself as a male and in the plural "plaintiffs." She cites facts, arguments, and causes of action which contradict the foreclosure at issue, do not appear in defendants' motion to dismiss, or do not appear in plaintiff's First Amended Complaint at all. Plaintiff's Opposition, like her First Amended Complaint, fails to redress any of the numerous deficiencies plaguing her lawsuit. The First Amended Complaint should be dismissed in its entirety without leave to amend.

## II. LEGAL ARGUMENT

### A. Plaintiff Does Not Establish Notary Fraud, Forgery, or Slander of Title

Plaintiff's first argument claims she has alleged sufficient facts to support her claims for notary fraud, forgery, and slander of title. Plaintiff does not allege a cause of action for forgery. She fails to address defendants' argument that her slander of title claim was impermissibly brought in violation of the Court's Order. Her arguments in support of her claim for notary fraud are nonsensical.

Plaintiff argues she has sufficiently established fraud due to the enactment of the Homeowner Bill of Rights (**HBOR**). But the adoption of the HBOR has virtually nothing to do with the sufficiency of plaintiff's fraud claims. Plaintiff must actually plead facts in support of her fraud claim, not merely cite to additional law.

Regardless, the HBOR offers plaintiff no relief, as it only became law on January 1, 2013. Plaintiff filed her complaint on June 1, 2012. Her fraud claims, insofar as they relate to her vague allegations of robo-signing, arose in 2009 with the assignment of her Deed of Trust from MERS to defendant BNYM. (*See* Opposition, p. 5:6-18; RJN, Ex. B.) Plaintiff cannot retroactively apply the HBOR to her claims of robo-signing.

With regard to plaintiff's substantive arguments in support of her claims of robo-

signing, plaintiff once again relies on a completely different set of facts. Plaintiff continues to decry the validity of the corporate assignment executed by T. Sevillano and notarized by R.J. Greer in October 2010. (Opposition, p. 8:22-24.) But the only corporate assignment related to plaintiff's loan is an assignment from MERS to defendant BNYM in November 2009, signed by Renee Friedman and notarized by Janet Koch. (RJN, Ex. B.) There were no subsequent assignments of the beneficial interest under plaintiff's deed of trust, as BNYM obtained the Property at the trustee's sale, at which time BNYM was identified as the beneficiary. (RJN, Ex. E.)

It remains unclear exactly what assignment of which deed of trust plaintiff's allegations rely on. Plaintiff has consistently failed to draw any connection between the purportedly fraudulent assignment alleged in her First Amended Complaint and her actual loan. She does not state a claim for fraud under any theory, and the claims should be dismissed without further leave to amend.

### B. Plaintiff Does Not Establish Claims for Cancellation of Instrument or Quiet Title

Plaintiff argues she sufficiently pled claims for cancellation of instrument and quiet title because she has established fraud related to the assignment of her Deed of Trust. No facts related to the purportedly fraudulent assignment are alleged in the context of either of these claims.

Even if plaintiff had actually relied on the assignment as the basis for her cancellation and quiet title claims, it does not help her plead a valid claim under either theory off relief. Plaintiff notes the elements of fraud require, among other things, a false statement of material fact; justifiable reliance; and injury caused by the reliance. (Opposition, p. 10:12-17; *see also LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997).) First, plaintiff cannot plead fraud arising out of robo-signing because she does not allege the elements required for her claim. If "T. Sevillano" is not who she claims to be, plaintiff certainly does not allege who made the fraudulent assignment or representation. Plaintiff does not allege how she relied on the purported forgery, let

alone that her reliance caused her injury. Presumably, if anyone would have been injured by such fraud, it would have been the true beneficiary under the Deed of Trust, or the trustee ReconTrust.

Second, as noted above, the facts upon which plaintiff relies for her forgery allegations are contradicted by the recorded documents. Third, though plaintiff argues the elements of fraud in defense of her claim for quiet title, plaintiff still does not allege any of the elements of that claim. *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *15 (S.D. Cal. Sept. 29, 2009) (citing *Cal. Code. Civ. P.* § 760.020) (emphasis added).

And finally, plaintiff has not paid the underlying debt. *See Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see also, Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1991) (no quiet title action may lie without paying the debt, even if debt is otherwise unenforceable).

Plaintiff's illogical attempt to rely on robo-signing as the basis for her cancellation and quiet title claims fails. These causes of action should be dismissed without further leave to amend.

### C. Plaintiff Does Not Establish Improper Foreclosure

Plaintiff argues the foreclosure sale of the Property was irregular, presumably in defense of her fourth cause of action for improper foreclosure procedure. Her Opposition invokes the HBOR, though the cause of action as pled relates only to her allegations of robo-signing.

While plaintiff argues "[s]ubstantial evidence of prejudicial procedural irregularity exists in the instant case" to overcome the presumption of a valid sale, plaintiff does not actually explain what this evidence is. The only impropriety discussed is plaintiff's conclusory allegations of robo-signing. But these allegations fail, as discussed throughout this brief. Plaintiff has failed to establish any impropriety affecting the validity of the trustee's sale. Her claim for improper foreclosure should be dismissed without further leave to amend.

**D.   Plaintiff's First Amended Complaint Does Not Allege a Cause of Action for Rescission**

Plaintiff argues at length in support of her cause of action for rescission, claiming she has the right to challenge defendants' standing to foreclose, nonsensically arguing that defendants are not the real parties in interest under FRCP 17, and claiming ReconTrust had no authority to proceed with the trustee's sale. (Opposition, pp. 12-22.) But nowhere in plaintiff's Second Amended Complaint does she actually allege a cause of action for rescission. Her arguments are irrelevant to defendants' motion to dismiss.

**E.   Plaintiff Does Not State a Claim Under the UCL**

Plaintiff's Opposition does not address the arguments raised in defendants' motion to dismiss, namely that plaintiff does not plead facts in support of her claim under *Business & Professions Code* § 17200 with the requisite specificity. Instead, plaintiff addresses arguments raised by defendants in what can only be assumed to be a completely different lawsuit. Though plaintiff claims defendants "continue to state they had no interest in the property," here, defendants absolutely maintain they have an interest in the Property. No such claim has been argued. Plaintiff claims "[i]t was BAC who initiated the unlawful foreclosure proceedings." (Opposition, p. 23:13-15.) But here, BANA had nothing to do with the foreclosure proceedings beyond its role as the loan's servicer. BNYM was the beneficiary under the Deed of Trust at the time of foreclosure, and defendant ReconTrust was the trustee. (*See* Notice of Default, RJN, Ex. C.)

Because plaintiff does not actually oppose the arguments raised in defendants' motion to dismiss, she has failed to establish the sufficiency of her claim. Plaintiff's UCL claim should be dismissed without further leave to amend.

**F.   Plaintiff Does Not Plead a Claim for Declaratory Relief**

Plaintiff's Opposition continues to rely on a completely unrelated set of facts in support of her cause of action for declaratory relief. Plaintiff argues she has alleged a

proper cause of action for declaratory relief because she contends defendants failed "to comply with R.E.S.P.A. as more particularly alleged in paragraph 18." (Opposition, p. 24:19-21.) Paragraph 18 of the First Amended Complaint defines MERS as a party. (FAC, ¶ 18.) Despite "amendment," the predicate claim for plaintiff's declaratory relief cause of action remains utterly unclear.

### III. CONCLUSION

Following this Court's grant of leave to amend, plaintiff failed to address any of the deficiencies noted in the Court's ruling. Instead, plaintiff improperly added four causes of action. Similarly, plaintiff's Opposition fails to address any of the deficiencies outlined in defendants' motion to dismiss. Instead, plaintiff improperly invokes facts, laws, and causes of action which are irrelevant to her lawsuit. This frivolous lawsuit should be dismissed with prejudice for plaintiff's failure to state a valid claim under any theory.

Dated: April 1, 2013

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: *s/ Victoria A. Cantore*
    Victoria A. Cantore
Attorneys for Defendants
BANK OF AMERICA, N.A.;
COUNTRYWIDE HOME LOANS, INC.;
COUNTRYWIDE FINANCIAL
CORPORATION; THE BANK OF NEW
YORK MELLON FKA THE BANK OF
NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CWABS,
INC., ASSET-BACKED
CERTIFICATES, SERIES 2004-7;
CWALT, INC.; RECONTRUST
COMPANY, N.A.; and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, California 90017.

On April 1, 2013, I served the following document(s) described as:

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

> Felicia Brashears
> 37016 Sabal Avenue
> Palmdale, California 93552
> Telephone No. (661) 533-1178
>
> *Plaintiff in pro per*

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 627-6342. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY ELECTRONIC SERVICE**: Complying with Code of Civil Procedure § 1010.6, I caused such document(s) to be electronically served on the party identified and no error was received when transmitted.

☒ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e)).

{26123418;1}   i   CASE NO. 2:12-CV-06760- FMO (JCGX)

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

person(s) served hereunder.  (C.C.P. § 1013(d)(e)).

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 1, 2013, at Los Angeles, California.

_____          _____
     Helen E. Serrano                                    (Signature)
    (Type or print name)

{26123418;1}                                     ii                        CASE NO. 2:12-CV-06760- FMO (JCGX)

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**